```
Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA  92614
Tel: (949) 720-9200
Fax: (949) 608-0128

Attorneys for Movant
U.S Bank National Association, as trustee, on behalf of the
holders of the Home Equity Asset Trust 2006-6 Home Equity
Pass Through Certificates, Series 2006-6
```

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>GREGORY P. FLEITZ aka PRESTON FLEITZ aka GREG FLEITZ and BERNADETTA FLEITZ aka BERNADETTE HIDALGO FLEITZ aka BERNADETTE MARIE HIDALGO<br><br>        Debtors. | CASE: 10-17914-B-7<br><br>CHAPTER 7<br><br>REF.: ASW-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON<br><br>DATE: 09/08/10<br>TIME: 11:00am<br>CTRM: 12<br>U.S. Bankruptcy Court<br>2500 Tulare Street<br>Fresno, CA  93721 |

    The Motion of U.S Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-6 Home Equity Pass Through Certificates, Series 2006-6 respectfully shows as follows:

    1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2.  This Motion is brought pursuant to Local Rule 9014-1 (f)(1)(ii) written opposition, if any, to the granting of

1    the Motion shall be in writing and shall be served on the
2    moving party and filed with the Clerk by the responding
3    party at least fourteen (14) days preceding the noticed date
4    of the hearing.  Unless written opposition and supporting
5    evidence are timely filed with the Court, without good
6    cause, no party will be heard in opposition to the Motion at
7    oral argument. Failure of the responding party to timely
8    file written opposition may be deemed a waiver of any
9    opposition to the granting of the Motion.

     Opposition to the Motion shall be served on counsel for
Movant as follows:

THE WOLF FIRM
2955 Main Street, Second Floor
Irvine, CA  92614
Tel (949) 720-9200
Fax (949) 608-0128

     3.   On July 14, 2010, a petition under Chapter 7 of the
Bankruptcy Code was filed by the Debtors.

     4.   ROBERT A. HAWKINS, TRUSTEE is the Chapter 7 Trustee
for this case.

     5.   Movant is, and at all times herein mentioned was a
corporation organized and existing under the laws of the
United States.

     6.    Movant is the beneficiary under a Deed of Trust
which secures a Promissory Note ("Note") in the principal
sum of $324,000, with the Note all due and payable on April
1, 2036.  The Note and Deed encumber real property commonly
known as:
       3352 San Luis Rey Court, Merced, CA 95348 ("Property")

Matter I.D. 6401-6081

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

7. The beneficial interest under the Deed of Trust is currently held by Movant. <u>See</u> Declaration of JO-ANN GOLDMAN.

8. There was a default under the terms of the Note and Deed of Trust and on January 12, 2010, Movant caused to be recorded a Notice of Default and Election to Sell.

9. The Property is Debtors' principal residence.

10. As of July 22, 2010, the Debtors have failed to tender 15 of the contractual payments which have fallen due under the Note and Deed of Trust.

11. The total amount due under Note and Deed of Trust as of July 22, 2010, exclusive of attorneys' fees and costs, was approximately $354,339.53. See Statement of Indebtedness attached hereto as **Exhibit " 1 "**.

12. Movant requests the Court take Judicial Notice that the Debtors' Schedule "A" provides the fair market value of the Property to be approximately $132,500.00. A true and correct copy of Schedule "A" is attached hereto as **Exhibit " 2 "** and incorporated by reference.

13. Movant requests the Court take Judicial Notice that the Debtors' Schedule "D" reflects the Property is encumbered by zero additional liens. A true and correct copy of the Debtors' Schedule "D" is attached hereto as **Exhibit " 3 "** and incorporated by reference.

14. Movant requests the Court take Judicial Notice that the Debtors' Statement of Intentions provides the Property is to be surrendered. A true and correct copy of the Statement of Intentions is attached hereto as **Exhibit "4"** and incorporated by reference.

15. Due to the liens, encumbrances and arrearages existing against the Property, and due to current market trends and costs of sale, the Debtors do not have any equity in the Property.

16. The Debtors have no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

17. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

18. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtors' failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1) That the automatic stay be terminated or annulled so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not

limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

    (2) For reasonable attorneys' fees;

    (3) For the waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a)(3).

    (4) For such other and further relief as the Court deems just and proper.

Dated: August 4, 2010

<u>/s/Alan Steven Wolf</u>
ALAN STEVEN WOLF
Attorneys for Movant
U.S Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-6 Home Equity Pass Through Certificates, Series 2006-6

Matter I.D. 6401-6081